UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No.:

| | |
|---|---|
| OLGA JORDON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BURLINGTON COAT FACTORY | ) |
| WAREHOUSE CORPORATION f/k/a BCF | ) |
| Cards, Inc. a/k/a Burlington Coat Factory of | ) |
| Florida, LLC a/k/a Burlington Stores, Inc., | ) |
| | ) |
| Defendant. | |

## **COMPLAINT**

Plaintiff OLGA JORDON ("Plaintiff") sues defendant BURLINGTON COAT FACTORY

WAREHOUSE CORPORATION f/ka BCF Cards, Inc. a/k/a Burlington Coat Factory of Florida,

LLC a/k/a Burlington Stores, Inc. ("Defendant") and alleges:

1.      This is an action to recover damages for discrimination and retaliation pursuant to

the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA"); the Florida Civil Rights

Act of 1992, Fla. Stat. § 760 *et seq*. ("FCRA"); the Family and Medical Leave Act of 1993, 29

U.S.C. § 2601 *et seq*. ("FMLA"); and Title VII of the Civil Rights Act of 1964, as amended, 42

U.S.C.A. §§ 2000e *et seq*. ("Title VII").

## **JURISDICTION AND VENUE**

2.      The Court has jurisdiction over this action under 42 U.S.C. § 2000e-5(f), 42 U.S.C.

§ 12117, 28 U.S.C. § 2617, 28 U.S.C. §§ 1331, 1343(3) and (4) and 1367 (a).

3.      Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of occurred

within this judicial district, and because Defendant has its principal place of business within the

district, resides in the judicial district, and because the employment records of Plaintiff are stored or have been administered in Broward County.

4.     Plaintiff also invokes the supplemental jurisdiction of this Court to hear and decide claims arising under the laws of the State of Florida that are so related to claims in the action within the original jurisdiction of this district Court that they form part of the same case or controversy under Article III of the United States Constitution. In particular, Plaintiff is bringing claims under the FCRA.

## PARTIES

5.     At all times material, Plaintiff was a resident of Miami-Dade County, Florida.

6.     At all times material, Defendant was and is a profit corporation authorized to conduct business in the State of Florida, in Broward County, and within the jurisdiction of this Court.

7.     At all times material to this Complaint, Plaintiff was an "eligible employee," "employee," and "aggrieved person" as defined by 42 U.S.C. § 2000e(f), 29 U.S.C. § 2611(2)(A); 42 U.S.C. § 12111(4); Fla. Stat. § 760.02(10). Plaintiff specifically incorporates the definitions of "eligible employee," "employee," and "aggrieved person."

8.     At all times material, Defendant was a "person" and an "employer" as defined by 42 USCS § 12111(5); 42 USC § 2000e(a) and (b); 29 U.S.C.§ 2611(4); 42 U.S.C. § 12111(4); and Fla. Stat. § 760.02(7). Plaintiff specifically incorporates the definitions of "person" and "employer."

9.     At all times material, Defendant employed fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

10.     At all times material, Defendant employed at least fifty employees within seventy-five miles of Plaintiff's worksite.

11.     Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

12.     Plaintiff has complied with all conditions precedent in filing this action, to wit;

        a.  Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission, Miami District Office, on or about May 1, 2019.

        b.  Plaintiff was issued a Notice of Suit Rights as to all charges of discrimination and retaliation on or about September 27, 2019.

13.     Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

## RELEVANT FACTS

14.     At all times material, Plaintiff was a member of a protected class of African American, black citizens.

15.     At all times material, Plaintiff was a member of a protected class of individuals with a qualified disability. At all times material, Defendant was aware of Plaintiff's disabilities or Defendant perceived Plaintiff as disabled.

16.     At all times material, Plaintiff was and is qualified to perform the essential functions of her job.

17.     Plaintiff was hired by Defendant on or about October 7, 2017.

18.     At all times material, Plaintiff was employed by Defendant as a part-time Customer Service Supervisor.

19.    As a part-time Customer Service Supervisor, Plaintiff worked in the front-end department.

20.    Throughout her employment with Defendant, Plaintiff performed her work admirably and was revered by her colleagues with whom she worked. Plaintiff was not subjected to any disciplinary actions or counseling while employed by Defendant.

21.    In or about December of 2017, Plaintiff informed her Manager and Human Resources Agent Mark (ULN) that she suffered from diabetes, high blood pressure, vertigo and high cholesterol.

22.    In or about February 2018, Plaintiff initiated the process of undergoing gastric bypass surgery. Plaintiff immediately informed Defendant of her intent to undergo the surgery.

23.    On or about August 24, 2018, Plaintiff requested, and was subsequently approved, to take the weekend off to attend her aunt's funeral.

24.    On or about August 27, 2018, Plaintiff began her pre-approved leave for two (2) weeks, to undergo gastric bypass surgery. Due to complications with the surgery, Plaintiff was forced to remain on leave until in or about September of 2018.

25.    In or about October 2018, Defendant hired Johanna Valeron ("Valeron"), a Caucasian, Hispanic female as Front End Assistant Manager.

26.    Valeron only hired Hispanic individuals and interacted with Hispanic employees.

27.    In or about November of 2018, Plaintiff spoke to two (2) Caucasian, Russian employees, whom she supervised, and informed them that it was rude to engage in a conversation in their native language in the presence of customers, especially if the customer did not speak the language. In response to this conversation, Valeron called Plaintiff a racist. Plaintiff objected to Valeron calling her a racist.

28.     Plaintiff complained about racial (African American, Black) and national origin (African American) discrimination to Assistant Store Manager, Charmaine Lindo ("Lindo"). Lindo responded that she would approach Valeron regarding Plaintiff's complaint and that she received similar complaints of discrimination from other cashiers regarding Valeron. However, the Defendant did not investigate Plaintiff's complaint of racial and national origin discrimination.

29.     Defendant and its managers, including Valeron, were aware that Plaintiff had a full-time job, which she worked Monday through Friday, 8:00 a.m. to 5:00 p.m. Shortly after the November 2018 incident, without consulting Plaintiff, Valeron began scheduling Plaintiff during times that conflicted with her full-time job schedule. For example, Valeron would schedule Plaintiff to begin work on a weekday between 3:00 p.m. - 4:00 p.m., when she was aware that Plaintiff did not leave her full-time job until 5:00 pm on weekdays. Valeron's scheduling caused Plaintiff to arrive late to work.

30.     Prior to Valeron becoming Manager, Plaintiff was not scheduled during times that conflicted with her full-time job.

31.     On or about December 24, 2018, Store Manager, Carl Andreoni ("Andreoni"), informed Plaintiff that she was demoted to a part-time Sales Associate position in the Children's Department. Andreoni did not provide Plaintiff a job performance basis for her demotion. Furthermore, Plaintiff was subjected to a stressful work environment when she was transferred to the Children's Department, because she was forced to work alone, whereas other departments had employees work in pairs.

32.     After Plaintiff's demotion, a Hispanic female, who Plaintiff trained, was promoted from cashier to supervisor.

33.     Between January of 2019 and March of 2019, Plaintiff took leave to attend doctor's appointments and because she was ill.

34.     In or about February of 2019, Plaintiff informed Lindo that her doctors discovered precancerous cells, that she would need to take six (6) weeks of leave starting in April to undergo surgery related to the precancerous cells, and that she had to see her doctor on Mondays for treatment.

35.     Rather than granting Plaintiff's requests, on or about April 9, 2019, Valeron, at the direction of Andreoni and Defendant, unlawfully terminated Plaintiff.

36.     Defendant alleges Plaintiff was terminated for ongoing and uncorrected attendance issues. However, Plaintiff was not given a warning, despite Defendant's company policy requiring such. Plaintiff was also given points for leave taken to attend doctor appointments, although other similarly situated employees outside of Plaintiff's categories were not assessed points in such situation. Accordingly, Defendant's reasons provided for Plaintiff's termination was clearly pretextual.

## COUNT I: DISCRIMINATION IN VIOLATION OF THE ADA – DEMOTION AND TERMINATION

37.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 36 above as if set out in full herein.

38.     Plaintiff's diagnosis of diabetes, high blood pressure, vertigo, high cholesterol, precancerous cells, and severe depression qualify as a disability, or are perceived as a disability.

39.     At all times material, Defendant was aware of Plaintiff's disability, or perceived disability.

40. Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the ADA by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment by, *inter alia*, changing Plaintiff's schedule, and demoting and subsequently terminating Plaintiff because of her disability, or perceived disability.

41. Defendant thereby discriminated against Plaintiff in the terms, conditions, and benefits of her employment in violation of the ADA.

42. Plaintiff's disability, or perceived disability, was a motivating factor that caused Defendant to change Plaintiff's schedule, and demote and subsequently terminate Plaintiff.

43. As a direct and proximate result of the actions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, embarrassment, humiliation, emotional pain, and mental anguish.

44. Furthermore, as a direct and proximate result of Defendant's actions, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

45. The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Declare that the acts complained of herein are in violation of the ADA;

B. Enter judgment in Plaintiff's favor and against Defendant for its violations of the ADA;

C. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

D. Award Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

E. Award Plaintiff back pay, punitive damages, interest, front pay (or reinstatement);

F. Award Plaintiff prejudgment interest on her damages award;

G. Award Plaintiff reasonable costs and attorney's fees; and

H. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

## COUNT II: DISCRIMINATION IN VIOLATION OF THE ADA – FAILURE TO ACCOMMODATE

46.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 36 above as if set out in full herein.

47.     Plaintiff's diagnosis of diabetes, high blood pressure, vertigo, high cholesterol, precancerous cells, and severe depression qualify as a disability, or are perceived as a disability.

48.     At all times material, Defendant was aware of Plaintiff's disability, or perceived disability.

49.     Plaintiff engaged in a protected activity when she requested reasonable accommodations from Defendant. Specifically, after learning that she had precancerous cells, Plaintiff advised Lindo that she had to see her doctor on Mondays for treatment, and that she needed to take six (6) weeks of leave to undergo surgery.

50.     The accommodations requested by Plaintiff were reasonable.

51.     Defendant did not grant Plaintiff's requests.

52.     Rather, Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the ADA by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment by, *inter alia*, failing to accommodate and subsequently terminating Plaintiff because of Plaintiff's disability, or perceived disability, and subsequently terminating Plaintiff's employment.

53.     Defendant thereby discriminated against Plaintiff in the terms, conditions, and benefits of her employment in violation of the ADA.

54.     Plaintiff was not accommodated because of her disability, and/or Defendant's perception of such disability, in violation of the ADA, and because of such actions by Defendant, Plaintiff has suffered both irreparable injury and compensable damages unless and until this Court grants relief.

55.     Plaintiff's disability, or perceived disability, was a motivating factor in refusing to accommodate Plaintiff.

56.     As a direct and proximate result of the actions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, embarrassment, humiliation, emotional pain, and mental anguish.

57.     Furthermore, as a direct and proximate result of the actions of Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

58.     The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A.  Declare that the acts complained of herein are in violation of the ADA;

B.  Enter judgment in Plaintiff's favor and against Defendant for its violations of the ADA;

C.  Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

D.  Award Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

E.  Award Plaintiff back pay, punitive damages, interest, front pay (or reinstatement);

F.  Award Plaintiff prejudgment interest on her damages award;

G.  Award Plaintiff reasonable costs and attorney's fees; and

H.  Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

## COUNT III: RETALIATION IN VIOLATION OF THE ADA – TERMINATION

59.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 36 above as if set out in full herein.

60.     Plaintiff's diagnosis of diabetes, high blood pressure, vertigo, high cholesterol, precancerous cells, and severe depression qualify as a disability, or are perceived as a disability.

61.     At all times material, Defendant was aware of Plaintiff's disability, or perceived disability.

62.     Plaintiff requested leave for medical treatment for her precancerous cells and to undergo surgery to remove fibroids in April.

63. Defendant intentionally engaged in unlawful employment practices and retaliation in violation of the ADA by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment by, *inter alia*, terminating Plaintiff because she requested leave for medical treatment from Defendant, related to her precancerous cells and to undergo surgery to remove fibroids in April.

64. Defendant thereby retaliated against Plaintiff in the terms, conditions, and benefits of her employment in violation of the ADA.

65. Plaintiff's disability, or perceived disability, was a motivating factor that caused Defendant to terminate Plaintiff.

66. As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

67. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

68. The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Declare that the acts complained of herein are in violation of the ADA;

B. Enter judgment in Plaintiff's favor and against Defendant for its violations of the ADA;

C. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

D. Award Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

E. Award Plaintiff back pay, punitive damages, interest, front pay (or reinstatement);

F. Award Plaintiff prejudgment interest on her damages award;

G. Award Plaintiff reasonable costs and attorney's fees; and

H. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

## COUNT IV: DISCRIMINATION BASED ON PLAINTIFF'S DISABILITY/HANDICAP IN VIOLATION OF THE FCRA – DEMOTION AND TERMINATION

69. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 36 above as if set out in full herein.

70. Plaintiff's diagnosis of diabetes, high blood pressure, vertigo, high cholesterol, precancerous cells, and severe depression qualify as a handicap/disability, or perceived handicap/disability.

71. At all times material, Defendant was aware of Plaintiff's disability/handicap, or perceived disability/handicap.

72. Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the FCRA by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment by, *inter alia*, changing Plaintiff's schedule, and demoting and subsequently terminating Plaintiff because of her handicap/disability, or perceived handicap/disability.

73. Defendant thereby discriminated against Plaintiff in the terms, conditions, and benefits of her employment in violation of the FCRA.

74. Plaintiff's handicap/disability, or perceived handicap/disability, was a motivating factor that caused Defendant to change Plaintiff's schedule, and demote and subsequently terminating Plaintiff.

75. As a direct and proximate result of the actions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, embarrassment, humiliation, emotional pain and mental anguish.

76. Furthermore, as a direct and proximate result of Defendant's actions, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

77. The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

B. Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in an action brought under the FCRA;

C. Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

D. Award Plaintiff prejudgment interest on her damages award;

E. Award Plaintiff punitive damages;

F. Enjoin Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

G.  Award Plaintiff reasonable costs and attorney's fees; and

H.  Grant Plaintiff such other and further relief, as this Court deems equitable and just.


### JURY TRIAL DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

### COUNT V: DISCRIMINATION IN VIOLATION OF THE FCRA – FAILURE TO ACCOMMODATE

78.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 36 above as if set out in full herein.

79.     Plaintiff's diagnosis of diabetes, high blood pressure, vertigo, high cholesterol, precancerous cells, and severe depression qualify as a handicap/disability, or perceived handicap/disability.

80.     At all times material, Defendant was aware of Plaintiff's disability/handicap, or perceived disability/handicap.

81.     Plaintiff engaged in a protected activity when she requested reasonable accommodations from Defendant. Specifically, after learning that she had precancerous cells, Plaintiff advised Lindo that she had to see her doctor on Mondays for treatment, and that she needed to take six (6) weeks of leave to undergo surgery.

82.     The accommodations requested by Plaintiff were reasonable.

83.     Defendant did not grant Plaintiff's requests.

84.     Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the FCRA by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment by, *inter alia*, failing to accommodate

Plaintiff because of Plaintiff's handicap/disability, or perceived handicap/disability, and subsequently terminating Plaintiff's employment.

85.    Defendant thereby discriminated against Plaintiff in the terms, conditions, and benefits of her employment in violation of the FCRA.

86.    Plaintiff's handicap/disability, or perceived handicap/disability, was a motivating factor in refusing to accommodate Plaintiff.

87.    As a direct and proximate result of the actions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, embarrassment, humiliation, emotional pain and mental anguish.

88.    Furthermore, as a direct and proximate result of Defendant's actions, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

89.    The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A.   Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

B.   Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in an action brought under the FCRA;

C.   Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

D.   Award Plaintiff prejudgment interest on her damages award;

E.  Award Plaintiff punitive damages;

F.  Enjoin Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

G.  Award Plaintiff reasonable costs and attorney's fees; and

H.  Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

## COUNT VI: RETALIATION BASED ON PLAINTIFF'S DISABILITY/HANDICAP IN VIOLATION OF THE FCRA – TERMINATION

90.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 36 above as if set out in full herein.

91.     Plaintiff's diagnosis of diabetes, high blood pressure, vertigo, high cholesterol, precancerous cells, and severe depression qualify as a handicap/disability, or perceived handicap/disability.

92.     At all times material, Defendant was aware of Plaintiff's disability/handicap, or perceived disability/handicap.

93.     Plaintiff engaged in a protected activity when she requested reasonable accommodations from Defendant.

94.     Defendant intentionally engaged in unlawful employment practices and retaliation in violation of the FCRA by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment by, *inter alia*, terminating Plaintiff because Plaintiff requested reasonable accommodations from Defendant.

95.     Defendant thereby retaliated against Plaintiff in the terms, conditions, and benefits of her employment in violation of the FCRA.

96.     Plaintiff's handicap/disability, or perceived handicap/disability, was a motivating factor that caused Defendant to terminate Plaintiff.

97.     As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

98.     Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

99.     The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A.  Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

B.  Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in an action brought under the FCRA;

C.  Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

D.  Award Plaintiff prejudgment interest on her damages award;

E.  Award Plaintiff punitive damages;

F.  Enjoin Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

G.  Award Plaintiff reasonable costs and attorney's fees; and

H.  Grant Plaintiff such other and further relief, as this Court deems equitable and just.

**JURY TRIAL DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

**COUNT VII: DISCRIMINATION BASED ON PLAINTIFF'S RACE AND NATIONAL ORIGIN IN VIOLATION OF TITLE VII – DEMOTION AND TERMINATION**

100.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 36 above as if set out in full herein.

101.    Plaintiff is a member of a protected class of African American, black citizens.

102.    Defendant intentionally engaged in unlawful employment practices and discrimination in violation of Title VII by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment by, *inter alia*, changing Plaintiff's schedule, demoting Plaintiff and replacing her with a Hispanic female supervisor, and subsequently terminating Plaintiff because of her race and national origin.

103.    Defendant thereby discriminated against Plaintiff in the terms, conditions, and benefits of her employment in violation of Title VII.

104.    Plaintiff's race and national origin were motivating factors that caused Defendant to change Plaintiff's schedule, demote Plaintiff and replace her with a Hispanic female supervisor, and subsequently terminate Plaintiff.

105.    As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

106.     Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

107.     The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A.  Enter judgment in Plaintiff's favor and against Defendant for its violations of Title VII;

B.  Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in a Title VII action;

C.  Award Plaintiff compensatory damages under Title VII for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

D.  Award Plaintiff prejudgment interest on her damages award;

E.  Award Plaintiff punitive damages;

F.  Enjoin Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

G.  Award Plaintiff reasonable costs and attorney's fees; and

H.  Grant Plaintiff such other and further relief, as this Court deems equitable and just.

### JURY TRIAL DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

### COUNT VIII: RETALIATION BASED ON PLAINTIFF'S RACE AND NATIONAL ORIGIN IN VIOLATION OF TITLE VII – TERMINATION

108.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 36 above as if set out in full herein.

SAENZ & ANDERSON, PLLC

19

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                  Facsimile: 888.270.5549

109. Plaintiff is a member of a protected class of African American, black citizens.

110. Plaintiff engaged in a protected activity when she complained of racial and national origin discrimination to Defendant.

111. Defendant intentionally engaged in unlawful employment practices and retaliation in violation of Title VII by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment by, *inter alia*, terminating Plaintiff because Plaintiff objected to Valeron calling her a racist and then complained about racial and national origin discrimination to Lindo.

112. Defendant thereby retaliated against Plaintiff in the terms, conditions, and benefits of her employment in violation of Title VII.

113. Plaintiff's race and national origin were motivating factors that caused Defendant to terminate Plaintiff.

114. As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

115. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

116. The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Enter judgment in Plaintiff's favor and against Defendant for its violations of Title VII;

B.  Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

C.  Award Plaintiff compensatory damages under Title VII for embarrassment, anxiety, humiliation and emotional distress Plaintiff has and continues to suffer;

D.  Award Plaintiff punitive damages according to proof;

E.  Award Plaintiff prejudgment interest on her damages award;

F.  Award Plaintiff reasonable costs and attorney's fees; and

G.  Grant Plaintiff such other and further relief, as this Court deems equitable and just.

**JURY TRIAL DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

**COUNT IX: DISCRIMINATION BASED ON PLAINTIFF'S RACE AND NATIONAL ORIGIN IN VIOLATION OF THE FCRA – DEMOTION AND TERMINATION**

117.   Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 36 above as if set out in full herein.

118.   Plaintiff is a member of a protected class of African American, black citizens.

119.   Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the FCRA by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment by, *inter alia*, changing Plaintiff's schedule, demoting Plaintiff and replacing her with a Hispanic female supervisor, and subsequently terminating Plaintiff because of her race and national origin.

120.   Defendant thereby discriminated against Plaintiff in the terms, conditions, and benefits of her employment in violation of the FCRA.

121.   Plaintiff's race and national origin were motivating factors that caused Defendant to change Plaintiff's schedule, demote and replace Plaintiff with a Hispanic female supervisor, and subsequently terminate Plaintiff.

122.    As a direct and proximate result of the actions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, embarrassment, humiliation, emotional pain and mental anguish.

123.    Furthermore, as a direct and proximate result of Defendant's actions, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

124.    The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A.  Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

B.  Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in an action brought under the FCRA;

C.  Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

D.  Award Plaintiff prejudgment interest on her damages award;

E.  Award Plaintiff punitive damages;

F.  Enjoin Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

G.  Award Plaintiff reasonable costs and attorney's fees; and

H.  Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## **JURY TRIAL DEMAND**

SAENZ & ANDERSON, PLLC

22

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                          Facsimile: 888.270.5549

Plaintiff demands trial by jury of all issues triable as of right by jury.

**COUNT X: RETALIATION BASED ON PLAINTIFF'S RACE AND
NATIONAL ORIGIN IN VIOLATION OF THE FCRA – TERMINATION**

125.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 36 above as if set out in full herein.

126.     Plaintiff is a member of a protected class of African American, black citizens.

127.     Plaintiff engaged in a protected activity when she complained of racial and national origin discrimination to Defendant.

128.     Defendant intentionally engaged in unlawful employment practices and retaliation in violation of the FCRA by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment by, *inter alia*, terminating Plaintiff because Plaintiff objected to Valeron calling her a racist and then complained about racial and national origin discrimination to Lindo.

129.     Defendant thereby retaliated against Plaintiff in the terms, conditions, and benefits of her employment in violation of the FCRA.

130.     Plaintiff's race and national origin were motivating factors that caused Defendant to terminate Plaintiff.

131.     As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

132.     Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

133. The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

B. Award Plaintiff actual damages suffered, including lost wages and any other damages allowed to be recovered in an action brought under the FCRA;

C. Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

D. Award Plaintiff prejudgment interest on her damages award;

E. Award Plaintiff punitive damages;

F. Enjoin Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

G. Award Plaintiff reasonable costs and attorney's fees; and

H. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

## COUNT XI: INTERFERENCE WITH FMLA RIGHTS – TERMINATION

134. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 36 above as if set out in full herein.

135. Plaintiff was an "eligible employee" and entitled to leave under the FMLA.

136.     At all times material, Plaintiff gave proper notice to Defendant by timely informing Defendant of her serious medical condition, required treatment, and need to take leave.

137.     Plaintiff provided enough information for Defendant to know that her potential leave may be covered by the FMLA.

138.     Defendant was aware that Plaintiff was unable to work due to her serious medical condition.

139.     At all times material, Plaintiff communicated with Defendant regarding her serious medical condition.

140.     Defendant had knowledge of Plaintiff's serious medical condition and the reason for Plaintiff's absences and upcoming absence from work.

141.     Despite its knowledge of Plaintiff's serious medical condition, Defendant terminated Plaintiff after requesting FMLA leave.

142.     By making Plaintiff accumulate points and by terminating Plaintiff, Defendant interfered with Plaintiff's right to take leave under the FMLA — thereby denying Plaintiff the benefits to which she was lawfully entitled.

143.     As a direct and proximate result of the actions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, embarrassment, humiliation, emotional pain and mental anguish.

144.     Furthermore, as a direct and proximate result of Defendant's actions, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

145.    The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A.  Enter judgment in Plaintiff's favor and against Defendant for its violations of the FMLA;

B.  Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

C.  Award Plaintiff liquidated damages based on Defendant's conduct;

D.  Award Plaintiff prejudgment interest on her damages award;

E.  Award Plaintiff reasonable costs and attorney's fees;

F.  Award Plaintiff any further relief pursuant to the FMLA; and,

G.  Grant Plaintiff such other and further relief, as deemed equitable and just.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: December 26, 2019.

Respectfully submitted,

By: _s/ R. Martin Saenz
R. Martin Saenz, Esq.
Fla. Bar No.: 640166
SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549

SAENZ & ANDERSON, PLLC

20900 NE 30th Avenue, Suite 800                    Telephone: 305.503.5131
Aventura, Florida 33180                             Facsimile: 888.270.5549